**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CIV-80911-RAR**

**TIMOTHY JACOBS,** *et al.*,

    Plaintiffs,

v.

**HUDSON REAL ESTATE HOLDINGS, LLC,** *et al.*,

    Defendants.

_____/

**ORDER DENYING MOTION TO SET ASIDE DEFAULT ORDER STRIKING
DEFENDANTS' AFFIRMATIVE DEFENSES**

**THIS CAUSE** is before the Court on Defendants' Motion to Set Aside the Court's Default Order Striking Defendants' Affirmative Defenses [ECF No. 72] ("Motion"). After reviewing the Motion, Plaintiffs' Response in Opposition to Defendants' Motion [ECF No. 73] ("Response"), and Defendants' Reply [ECF No. 76], and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion [ECF No. 72] is **DENIED** for the reasons set forth below.

**BACKGROUND**

Plaintiffs filed their Motion to Strike Defendants' Affirmative Defenses in the Amended Answer [ECF No. 64] on December 14, 2020. Pursuant to Local Rule 7.1(c)(1), Defendants' response was due on December 28, 2020. After that date passed and no response appeared on the docket, the Court issued an Order to Show Cause [ECF No. 66] on December 31, 2020, which required that "on or before January 6, 2021, Defendants shall show cause, in writing, why the Motion should not be granted by default and why Defendants failed to file a timely response." *Id*. (emphasis in original). The Order to Show Cause also admonished Defendants that "[i]n the event

Defendants d[id] not comply with this Order, the Court [would] grant the Motion by default pursuant to Local Rule 7.1(c) without further notice." *Id.*

The date for compliance with the Order to Show Cause passed, and Defendants failed to file any response. Consequently, on January 7, 2021, the Court granted by default Plaintiffs' Motion to Strike Defendants' Affirmative Defenses in the Amended Answer. *See* [ECF No. 67] ("Default Order"). Two weeks later, on January 21, 2021, Defendants filed the instant Motion, asking the Court to set aside the Default Order. Defendants argue that excusable neglect exists for their failure to respond to both the Motion to Strike the Affirmative Defenses and the Order to Show Cause because: 1) Defendants' counsel is a sole practitioner with one full time paralegal who was on vacation at the time the orders were issued, leading to the failure of counsel to properly calendar the relevant deadlines; and 2) "Undersigned counsel is juggling the multitude of responsibilities in defending two federal suits involving the same Defendants at the same time, each with voluminous amounts of pleadings, document production, motion practice, and other discovery obligations that must be attended to." Mot. at 4.

## **LEGAL STANDARD**

First, the Court is compelled to address which Federal Rule of Civil Procedure is applicable here. In their Motion, Defendants rely on Federal Rule of Civil Procedure 55, which "applies where only the first step has been taken—i.e., the filing of the complaint[,]" and defendants have failed to answer. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014) (citation omitted). Because that is not the situation here, Rule 55 does not govern.[1] While Defendants insist

---

[1] Defendants' failure to provide proper legal authority in their Motion is reason enough to deny the Motion. Nevertheless, because the Court can determine the proper legal authority by which Defendants seek relief, as explained below, the Court will consider the Motion on its merits. *See Aldar Tobacco Grp. LLC v. Am. Cigarette Co., Inc.*, No. 08-CIV-62018, 2010 WL 11601994, at *1 (S.D. Fla. Dec. 29, 2010) (Jordan, J.) ("[A] court can deny a motion when the motion fails to cite legal authority, . . . [but] the court may consider the motion on the merits.").

that this is a "distinction without a difference," Reply at 1, this is plainly incorrect. "The importance of distinguishing between an entry of default and a default judgment lies in the standard to be applied in determining whether or not to set aside the default. The excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default." *EEOC. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990) (citations omitted).

Plaintiffs, on the other hand, insist that the rule properly applicable to Defendants' Motion is Federal Rule of Civil Procedure 60. *See* Resp. at 2-3. However, Rule 60(b) applies only to *final* judgments, orders, or proceedings. *See* FED. R. CIV. P. 60(b) ("[T]he court may relieve a party or its legal representative from a *final* judgment, order, or proceeding . . .") (emphasis added); *see also id.* (1946 Advisory Committee Notes) ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires."). The Court's Default Order was not "final" for purposes of Rule 60(b) because it did not resolve all claims of all parties. *See Denson v. United States*, 574 F.3d 1318, 1335 n.52 (11th Cir. 2009). Consequently "Rule 60 is an inappropriate vehicle through which to challenge the Court's [] Order, as it is a non-final, interlocutory decision." *Debose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-cv-2787-EAK-AEP, 2018 WL 8919876, at *2 (M.D. Fla. Mar. 23, 2018).

Defendants should have sought relief under Federal Rule of Civil Procedure 54(b), which provides that any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating

all the claims and all the parties' rights and liabilities." Thus, the Court will construe Defendants' Motion as seeking reconsideration of its Default Order under Federal Rule of Civil Procedure 54. *See Debose*, 2018 WL 8919876, at *2 (construing a motion for relief under Rule 60(b) as a motion for reconsideration under Rule 54(b)).

Fortunately for Plaintiffs, the Eleventh Circuit has concluded that a court does not commit error by applying the same standard utilized for reviewing a motion for reconsideration of a final order or judgment to a non-final order. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993) ("We see no reason to apply a different standard when the party seeks reconsideration of a nonfinal order."); *see also Maldonado v. Snead*, 168 F. App'x 373, 386-87 (11th Cir. 2006) ("Although the district court reviewed [the] motion under Rule 54(b) as a motion for reconsideration of a non-final order rather than under Rule 60(b) as a motion for relief from judgment, '[w]e see no reason to apply a different standard when the party seeks reconsideration of a nonfinal order' than when the party seeks reconsideration of a final judgment.") (quoting *id.*); *Onita-Olojo v. Veolette Sellers*, No. 12-CIV-62064, 2016 WL 11600719, at *1 (S.D. Fla. June 27, 2016) ("Motions for reconsideration, whether considered under Rule 54(b), Rule 59(b), or Rule 60(b) (like this one), are generally all evaluated under the same standard."). Thus, the Court applies the standard delineated under Rule 60 to the instant Motion.

The Supreme Court has held that Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of *exceptional* circumstances." *United States v. Young*, 806 F.2d 805, 806 (1987) (emphasis added). Rule 60(b)(1) permits a court, in its discretion, to vacate a prior order which was entered as a result of a party's "mistake, inadvertence, surprise, or excusable neglect." In the context of Rule 60(b)(1), "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to

negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). Relevant considerations include the *Pioneer* factors: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395. In addition, a defaulting party must show that "it had a meritorious defense that might have affected the outcome." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). "Rule 60(b) motions are directed to the sound discretion of the district court," and the Eleventh Circuit "will set aside the denial of relief from such motion only for abuse of that discretion." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009) (internal quotation marks omitted).

## ANALYSIS

The Court begins by noting that Plaintiffs assert—and Defendants do not contest—that "within the time for compliance, undersigned counsel's colleague spoke directly with defense counsel, inquiring whether he was going to respond to the Order to Show Cause. Defense counsel stated that he was not going to respond." Resp. at 11. *Ipso facto*, Defendants' conduct in failing to comply with the Court's deadline is intentional, which alone is fatal to Defendants' Motion to set aside the Default Order. *See Organizacion Miss Am. Latina, Inc. v. Urquidi*, 712 F. App'x 945, 947 (11th Cir. 2017) ("[I]f the court finds that a party 'displayed either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings' before denying the

motion to set aside a default judgment.") (quoting *Compania Interamericana Export–Import v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951–52 (11th Cir. 1996)).

Nevertheless, having also considered the *Pioneer* factors, the Court finds that Defendants have not established the type of "mistake, inadvertence, surprise, or excusable neglect" necessary to set aside the Default Order under Rule 60(b)(1).  In regards to the first two factors, Plaintiffs have been prejudiced by Defendants' failure to respond and would be prejudiced further if the Default Order were set aside.  These failures occurred with various pre-trial deadlines rapidly approaching, including a February 15, 2021 discovery cutoff, a March 11, 2021 dispositive motion deadline, and a bench trial scheduled for April 2021.  Moreover, even now—more than six weeks after the deadline to respond to the Order to Show Cause has passed—Defendants still have not filed a proposed response to Plaintiffs' Motion to Strike, meaning the Court is unable to determine whether Defendants present a meritorious defense.  And setting aside the Default Order and allowing the parties to brief the issue would only lead to an even lengthier delay in these proceedings.

The third factor—the reason for the delay—weighs strongest against reconsideration of the Default Order.  Defendants' counsel points both to his mistake in calendaring the applicable deadlines, which came as a result of counsel's paralegal being on vacation, and counsel's juggling of responsibilities on multiple cases as justification for his failure to file a timely response.  Neither of these grounds provides a sufficient justification.  "Neither ignorance nor carelessness on the part of a litigant *or his attorney* provide[s] grounds for relief under Rule 60(b)(1)."  *Grant v. Pottinger-Gibson*, No. 0:15-cv-61150, 2016 WL 867111, at *2 (S.D. Fla. Mar. 7, 2016) (quoting *Ben Sager Chemicals Int'l, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)) (emphasis added), *aff'd*, 725 F. App'x 772 (11th Cir. 2018).  Indeed, the Eleventh Circuit has "demonstrated

its wariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993). And while the Court is sympathetic to counsel's multitude of cases and other responsibilities, "an attorney's negligent failure to respond to a motion does not constitute excusable neglect, *even if that attorney is preoccupied with other litigation.*" *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986) (emphasis added).

Ultimately, it is the responsibility of counsel to monitor the progression of this case and any other case in which he is counsel of record. "To be entitled to a Rule 60(b)(1) vacatur, defaulting parties and their counsel must, at a minimum, have monitored the action against them and responded to developments appropriately." *PNC Bank, Nat. Ass'n v. Lucmaur, LLC*, No. 6:14–cv–248–Orl–37KRS, 2015 WL 1020604, at *2 (M.D. Fla. Mar. 9, 2015) (citing *Sloss*, 488 F.3d at 935–36). Had Defendants or their counsel checked the docket just once in the three-week period between the filing of Plaintiffs' Motion and the Default Order, they would have seen that they were due to respond. Their failure to do so is fatal to their request for relief under Rule 60(b).

Defendants also note that they "were prepared to file the instant motion immediately, but declined to do so because the parties were actively engaged in settlement discussions and it appeared for a time that the parties may reach an agreement to end this litigation, thus obviating any further need for relief by this Court." Mot. at 5. But "Defendants' decision not to file a response based on their belief that settlement negotiations would continue [is] not sufficient for purposes of Rule 60(b)(1)." *Davila v. Alcami Grp., Inc.* No. 12–CIV-23168, 2013 WL 1934168, at *4 (S.D. Fla. May 9, 2013) (Moreno, J.). Moreover, this proffered justification lends further support to the notion that Defendants' failure to comply was the result of an intentional act, which, as explained above, precludes relief under Rule 60(b).

## CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Set Aside the Court's Default Order Striking Defendants' Affirmative Defenses [ECF No. 72] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 23rd day of February, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**